IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF INDIANA
                            SOUTH BEND DIVISION

GARY LEE WILLIAMS, JR.,        )
                               )
Plaintiff,                     )
                               )
    vs.                        )    CAUSE NO. 3:11-CV-7
                               )
EDWIN BUSS, Commissioner,      )
Indiana Department of          )
*Correction, et al.*,          )
                               )
Defendants.                    )

## OPINION AND ORDER

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. section 1915A. For the reasons set forth below, the Court allows the Plaintiff to proceed against Defendant Rachel Ross on his Eighth Amendment claim that she was deliberately indifferent to his serious medical needs and on his retaliation claim, and **DISMISSES**, pursuant to section 1915A, all other claims and Defendants.

BACKGROUND

Plaintiff, Gary Williams ("Williams"), a prisoner currently confined at the Pendleton Correctional Facility, filed a complaint pursuant to 42 U.S.C. section 1983, asserting that a doctor at the Westville Correctional Facility ("WCF") violated the Eighth Amendment's prohibition against cruel and unusual punishments by denying him medical attention for a serious medical need and that she retaliated against him for complaining about medical care. The

Defendants are Indiana Department of Correction ("IDOC") Commissioner Edwin Buss and Dr. Rachel Ross, M.D.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), district courts must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). In the context of *pro se* litigation, the Supreme Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must

2

be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007).

Williams brings this action under 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In his complaint, Williams alleges that he has a serious long term medical problem with his lower back, including severe nerve damage, and that he has been on vicodin to control the resulting pain. He also states that he had to use a dirty catheter for two weeks, which caused him to develop an infection. Williams asserts that he filed a grievance about being forced to use the dirty catheter and alleges that in retaliation Dr. Ross took him off his pain medication, leaving him in pain.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively,

whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (*cert. denied,* 519 U.S. 1126 (1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" for Eighth Amendment purposes if it is either one that a physician has diagnosed as mandating treatment, or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373.

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the prisoner's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v.*

*Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (Citations omitted). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. at 837.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Taking the allegations of the complaint as true, Williams has established that he had a serious medical need regarding his back pain, and refusing to provide pain medication because he filed a grievance about medical treatment states an Eighth Amendment claim of deliberate indifference.

Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000). To state a claim for retaliation, the complaint must first allege that the plaintiff was engaged in a Constitutionally protected activity and second, that engaging in that activity was a substantial or motivating factor in the defendant's actions against him. *See Mt. Healthy City School District v. Doyle*, 429 U.S. 274 (1977). That is to say, the plaintiff must allege that the retaliatory act would not have

5

occurred "but for" the protected conduct.

Retaliation against a prisoner for exercising his First Amendment right to speak and complain about prison conditions states a retaliation claim upon which relief can be granted. *Dobbey v. Illinois Dept. of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009). Giving Williams the benefit of the inferences to which he is entitled at the pleadings stage, his allegation that Dr. Ross took him off his pain medication because he complained about having to use a dirty catheter states a claim against her for retaliation upon which relief can be granted.

Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show a defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person who was not personally involved in the alleged wrongdoing cannot be held liable for damages under section 1983. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to section 1983 actions. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010).

Williams's complaint does not state facts from which the Court could infer that IDOC Commissioner Buss had any personal knowledge of or direct personal involvement in the decision to take him off his pain medication after he filed a grievance. Even if Commissioner Buss is Dr. Ross's superior, that would not make him liable for her actions under the doctrine of *respondeat superior*. *Gayton v. McCoy*, 593 F.3d at 622.

The Court does not construe the Plaintiff's complaint as asserting that Dr. Ross was responsible for his having to use a dirty catheter. Moreover, even if he is asserting this as a claim in his complaint, nothing in the complaint suggests that Dr. Ross was responsible for or had any personal involvement in this incident.

In addition to his damage claim, Williams presents a request for injunctive relief. When the complaint was filed, Williams was confined at the Westville Correctional Facility, and the complaint deals with events that occurred at the WCF. But Williams is no longer at the WCF, having been transferred to the Pendleton Correctional Facility. If a prisoner is transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). It is possible that Williams could at some point in the future return to the WCF, but the mere possibility that this might occur is insufficient. The standard to be applied here is whether

7

he is "likely to be retransferred," and there is no reasonable basis to determine that Williams is likely to return to the WCF. If he does return to the WCF and is subjected to the same conditions he complains of in his complaint, Williams may seek leave of the Court to renew his claim for injunctive relief.

CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against Defendant Rachel Ross, M.D., in her personal capacity for damages on his Eighth Amendment claim that she was deliberately indifferent to his serious medical needs and on his claim that she took him off his pain medication in retaliation for filing a grievance;

(2) **DISMISSES**, pursuant to 28 U.S.C. section 1915A, all other claims and **DISMISSES** Defendant Buss;

(3) Pursuant to 42 U.S.C. section 1997e(g)(2), **ORDERS** that Defendant Ross respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the Marshals Service to effect service of process on Defendant Ross on the Plaintiff's behalf, and **DIRECTS** the Clerk's Office to ensure that a copy of this order is served on her along with the summons and complaint.

**DATED: May 13, 2011**          /S/RUDY LOZANO, Judge
                                 **United States District Court**